Cathcart *v.* Sears, Roebuck and Company,
Appellant.

Argued October 14, 1935.

Before KELLER, P.
J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*Alfred L. Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Philip A. Campbell,* with him *Victor Frey,* for appellee.

OPINION BY RHODES, J., January 31, 1936:

The defendant, in this action by the plaintiff to recover for personal injuries, appeals from the entry of judgment on a verdict in favor of the plaintiff. The appellant contends: (1) That the plaintiff was contributorily negligent as a matter of law; (2) that there was no evidence of negligence upon the part of the defendant.

On May 11, 1934, the plaintiff, a woman sixty-two years of age, in company with her son, her daughter-in-law, another young man, and her grandson went shopping in the defendant's store, located on Roosevelt Boulevard, Philadelphia. They drove to the store in the son's car, and parked on the lot, provided by the defendant for the parking of customers' cars, on the south side of the store. They entered the store, at about seven o'clock, while it was still daylight, by means of a wooden bridge or passageway, which ran over the railroad track and the roof of a building and connected the parking lot with the store. This passageway had a roof over it and was closed on one side, the other side being open except for a pipe rail. Plaintiff had never been over this bridge or passageway before.

The plaintiff and those with her left the store at about 9 P. M. In order to do so, they had to ascend six or seven steps leading up to the passageway from the store. These steps were lighted by the lights in the store. Some distance beyond this point there was a drop in the level of the passageway, and the plaintiff was injured by falling down the steps at this point. At the time, other people were using the passageway, some going in and some coming out of the store.

The plaintiff's evidence showed that it was dark as

they came out of the store, and that there was no light at the steps where the plaintiff .fell. The plaintiff described what happened as follows:

"A. We were going to go over this bridge again and we came up the steps out of the store and then you walk straight along till you come to these steps, but I didn't, I couldn't see the steps because it was dark, and I went down the steps. ...... A. Well, I proceeded and went on and as I thought I was walking on straight I stepped right into space and went down."

As a result of her fall, the plaintiff sustained certain injuries. The defendant offered no evidence at the trial except some medical testimony. The appellant assigns as error: (1) The refusal of the lower court to enter judgment in the appellant's favor n. o. v.; (2) the refusal of the lower court to grant a new trial; and (3) the entry of .judgment on the verdict in favor of the plaintiff.

The jury having found in favor of the plaintiff, in considering the questions raised on this appeal, we must give the plaintiff the benefit of all the evidence and inferences therefrom favorable to her, and reject all others. McDonald v. Pittsburgh, 278 Pa. 485, 123 A. 467; Fuller v. Stewart Coal Co., 268 Pa. 328, 112 A. 65; Muehlhof v. Reading Co., 309 Pa. 17, 162 A. 827.

The jury by its verdict found the defendant was negligent and that plaintiff was free from contributory negligence. The verdict must be sustained, if there is evidence to support it, as the alleged contributory negligence of the plaintiff and the alleged negligence of the defendant are the only questions raised on this appeal.

The refusal of the court below to enter judgment non obstante veredicto for the defendant is the error stressed on this appeal.

Appellant argues that plaintiff was contributorily negligent because she proceeded in "utter darkness" and fell down the stairs on the passageway. This was the

534

first time the plaintiff had ever used the passageway to defendant's store. She was not chargeable with the details of its construction. The testimony does not disclose whether she had ever been in the store before. Plaintiff's testimony that it was dark when she was returning over the passageway to her car, which she traversed for the first time a few hours before, does not show contributory negligence as a matter of law. Under the evidence we could not hold that the degree of darkness was such as to render plaintiff negligent, per se. See Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355. There is no evidence of "utter darkness," as appellant contends. On the contrary, plaintiff's son testified: "A. Well, we were about ten or twelve feet away from the steps when I heard my mother cry out and I looked around and I saw the people all crowding to her, and I pushed through what few people was there, and I found my mother laying on the floor. Q. Which direction were these people going? A. Both ways, going and coming. Q. Going and coming? A. Yes. Q. And just where was your mother when you turned around and got there? A. She was laying on the floor. Q. How close to the steps? A. Right at the base of the steps. ...... Q. What lighting facilities were there there at that time? A. There was no light there at all at that particular time, but after my mother fell I looked up and there was a socket there but there was no light in it, there was no bulb. Q. Where is that socket? A. Right overhead. Q. Right over the step? A. Well, I would not say it was directly. It is almost over the step." The instant case is distinguishable from such cases as McVeagh et al. v. Bass, 110 Pa. Superior Ct. 379, 171 A. 486, where the evidence was to the effect that it was so dark that plaintiff could not see a thing in the store, not even the floor under her feet; Conboy v. Osage Tribe No. 113, 288 Pa. 193, 135 A. 729, where plaintiff testified it was totally dark; and

Modony v. Megdal, 318 Pa. 273, 178 A. 395, where plaintiff testified he could "not see a thing," that it was "just black," and that "it was so dark that it just looked like a big hole in the wall."

Plaintiff did nothing unreasonable. She did what many other customers of the defendant were doing, and we cannot say that her conduct was not that of a reasonably prudent person.

In the case of Kulka v. Nemirovsky, 314 Pa. 134, 139, 170 A. 261, 262, in an opinion by Mr. Justice LINN, the Supreme Court said: "Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition: Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 112 A. 459; Markman v. Bell Stores Co., 285 Pa. 378, 132 A. 178; Newingham v. J. C. Blair Co., 232 Pa. 511, 81 A. 556; Pauckner v. Wakem, 231 Ill. 276; Starcher v. So. Penn Oil Co., 81 W. Va. 587, 602; Restatement, Torts (Tent. Draft No. 4), section 202 (see comment a), section 213. Plaintiff was entitled to rely on defendant's performance of this duty. Restatement, op. cit. supra, section 213 (see comment d); Yuhasz v. Pitt. Const. Co., 305 Pa. 166, 157 A. 461; Adams v. Fields, 308 Pa. 301, 305, 162 A. 177; Blondin v. Oclitic Quarry Co., 11 Ind. App. 395; Gobrecht v. Beckwith, 82 N. H. 415." As was stated in the case of Robb v. Niles-Bement-Pond Co., Inc., 269 Pa. 298, 300, 112 A. 459, 460: "The owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger." 29 Cyc. 453; Ralston et al. v. Merritt, 117 Pa. Superior Ct. 487, 178 A. 159.

The plaintiff was justified in assuming that the passageway was safe and passable for the purpose offered

to its customers by the defendant. Others were using it at the time of the accident in going in and coming out of the defendant's store. The plaintiff was entitled to assume that defendant had performed its duty to those so invited to enter and leave its store by this passageway. The question of plaintiff's negligence was properly for the jury.

The negligence charged against the defendant is the failure to have the stairs lighted where the passageway descended from one level to a lower level. Certainly, such a condition required lighting or some warning to users. It was an entrance to the store of the defendant; it was apparently used at night, especially by the shoppers who came in their cars and used the parking lot from which the passageway led to the store. The testimony shows that it was much used at the time of the accident sustained by the plaintiff in this case. Plainly, the defendant owed the duty to the plaintiff and others of keeping the passageway reasonably safe for such customers as the plaintiff, and of giving warning of any failure to maintain it in that condition. The absence of a light in this passageway was an assurance of safety. The question, whether the defendant was negligent in failing to provide a light at the stairs on the passageway for customers using ordinary care in proceeding thereon, was for the jury. The jury was warranted in finding, in the absence of any explanation by the defendant, that defendant failed in its duty to the plaintiff. Defendant offered no explanation for its failure to light the stairs on the passageway which its customers were invited to use as both an entrance to and an exit from the store. The evidence was sufficient to sustain the verdict that there was a breach of duty in this respect on the part of the defendant. See Haugh et al. v. Harris Brothers Amusement Company, 315 Pa. 90, 172 A. 145.

Judgment is affirmed.