Simpkins, Appellant, *v.* Pennsylvania Railroad Co.

Argued January 5, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Albert M. Hankin,* with him *Matthew Kramer* and *David H. Kubert,* for appellant.

(1)

*Theodore Voorhees* and *Barnes, Biddle & Myers,* for appellee, were not heard.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

Plaintiff brought this action to recover damages for the death of her son, seventeen years of age, who was killed by a train of defendant company while attempting to cross its tracks near Forty-eighth Street and Greenway Avenue in Philadelphia. At the conclusion of plaintiff's evidence upon the question whether defendant was negligent, a motion for a compulsory nonsuit was granted, which the court subsequently refused to take off. From this order, plaintiff has taken the present appeal.

Greenway Avenue, extending east and west, crosses Forty-eighth Street approximately at right angles, and reaches a dead end a short distance west of the intersection. Here a coal yard is located. The railroad right-of-way lies between Forty-seventh and Forty-eighth Streets, —closer to the latter street,—upon which there are two main tracks running north and south, and a siding leading into the coal yard.

An iron and wooden fence stands as a barrier on the west between the tracks and Forty-eighth Street, but near the Greenway Avenue intersection there is a large opening in this fence, which has been used by persons in the neighborhood as a means of access to the tracks in order to cross them and reach Forty-seventh Street. There is also evidence that at the time of the accident the right-of-way was protected on the east by an embankment of earth which was reinforced by a vertical studding of railroad ties. To use this route between the two streets from the Forty-eighth Street side it was necessary for one to pass through the opening in the fence, to step down thirty inches to the track level, to cross the siding and the double set of tracks, then to climb over the embankment or to go around it, to reach a vacant lot which afforded an outlet to Forty-seventh Street. De-

spite these physical difficulties of the location, this "short cut," according to plaintiff's witnesses, had an extensive use over a period from fifteen to nineteen years, by many persons in this vicinity, including school children. However, three hundred and eighty feet from this point is the overpass of the Woodland Avenue Bridge which provides a safe way over the tracks, but requires the traversing of three city blocks, instead of the distance of one block going over the tracks, to reach Forty-seventh Street.

On January 22, 1935, shortly after nine o'clock in the morning, the decedent entered the opening in the fence, passed safely over the siding and the first main track. Starting to cross the second or easterly track, he stumbled on the first rail thereof, and before he could recover his balance and proceed, he was struck and killed by one of defendant's electric trains traveling on the northbound track.

Plaintiff contends it was error to sustain the nonsuit as the evidence establishes the existence of a permissive way across the tracks at this location; that the speed of the train was excessive at the time of the accident, and that there was positive testimony of a failure of defendant to give warning by whistle or bell of the approach of the train.

We have carefully reviewed the record and cannot escape the conclusion that since the evidence discloses there was available to decedent a completely safe method of crossing the tracks by way of the overpass, it must be held that he was guilty of contributory negligence: *Levitt v. B/G Sandwich Shops, Inc.*, 294 Pa. 291; *Kaczynski v. Pittsburgh*, 309 Pa. 211; *Boyd v. Kensington Water Co.*, 316 Pa. 522; *Gara v. P. R. T. Co.*, 320 Pa. 497; *Starovetsky v. Pa. R. R. Co.*, 328 Pa. 583; *Lipik v. D., L. & W. R. R. Co.*, 330 Pa. 333; *Tharp v. Pa. R. R. Co.*, 332 Pa. 233; *Reid v. Pa. R. R. Co.*, 121 Pa. Superior Ct. 37.

4

The facts here make necessary the application of the settled rule in cases of this character that the rejection of a safe way and the voluntary choice of one known to be hazardous constitute contributory negligence. A person may not for his own purposes elect to cross the tracks at grade when there has been provided a bridge or other crossing of the railroad, which is convenient and free from danger: *Starovetsky v. Pa. R. R. Co.*, supra (p. 585). As decedent's negligence is a bar to plaintiff's recovery, the remaining questions presented need not be discussed.

The order is affirmed.