## Birthisel et vir, Appellants, *v.* Concord Premium Building & Loan Association.

Argued September 30, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Con F. McGregor,* of *Bechman, Dunn, Parker & McGregor,* for appellants.

*J. Roy Dickie* and *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 24, 1941:

This is an action to recover damages for injuries sustained by the wife plaintiff when she fell in descending the rear steps of the home of her daughter. The trial judge entered a compulsory nonsuit, which the court in banc refused to remove.

Defendant was the owner and lessor of the property where the daughter lived. Plaintiffs were living with their daughter at the time and had been for several weeks. There were three means of ingress and egress to the property, over the front porch, through the cellar, and by way of the steps on which the accident occurred. The wife plaintiff admitted that she knew the steps which she attempted to use were in bad condition and dangerous and that the door leading to them had been locked to prevent their use. Apparently this condition existed at the time the daughter took possession under her lease. Plaintiff said, however, that she used them because she desired to go out and could not use the front entrance because the porch had just been painted. She stated she did not use the exit through the cellar because it involved a step down of about two feet and she was three months pregnant at the time. She testified that she left the house, started down the steps and got about two or three down when the step broke and she fell into the back yard.

The court below properly entered a compulsory nonsuit as the testimony clearly establishes that plaintiff was guilty of contributory negligence in testing a known danger. There was no necessity for her to leave by the steps which she knew were in a dangerous condition. She could have used the exit through the cellar with but slight inconvenience. Having chosen to use a way subject to risk and danger, when a safe way was avail-

able to her, she must bear the consequences of her choice: *Levitt v. B/G Sandwich Shops, Inc.,* 294 Pa. 291, 144 A. 71; *Boyd v. Kensington Water Co.,* 316 Pa. 522, 175 A. 395; *Smith v. Pittsburgh,* 338 Pa. 216, 12 A. 2d 788; *Valente v. Lindner,* 340 Pa. 508, 17 A. 2d 371.

Judgment affirmed.