Kallman *v.* Triangle Hotel Co. of Pennsylvania, Appellant, et al.

Argued March 26, 1947. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*J. Roy Dickie,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellant.

*E. V. Buckley,* with him *Mercer & Buckley* and *Margiotti & Casey,* for appellees.

OPINION BY MR JUSTICE PATTERSON, May 26, 1947:

Mary Thomas Kallman brought this action in trespass against the Triangle Hotel Company, appellant, to recover damages for injuries sustained as a result of a fall in the rear of appellant's premises. The Sun Drug Company, and the Trustees and Executors of the A. W. and R. K. Mellon Estates, tenant and owners, respectively, of the adjoining property, were brought in as additional defendants by appellant which alleged that they were severally or jointly and severally responsible for the accident. At the conclusion of appellant's testimony a compulsory nonsuit was entered in favor of both additional defendants. A verdict for the plaintiff was set aside and her motion for new trial was granted because of inadequacy of the verdict. This appeal is from the order of the court below refusing to take off the compulsory nonsuit entered in favor of the adjoining property owners, the A. W. and R. K. Mellon Estates, appellees.

Mary Thomas Kallman, on December 28, 1943, was a guest at the Hotel Henry, which is owned and operated by appellant. Said hotel fronts on Fifth Avenue, Pittsburgh. At about 7:45 P. M., Mrs. Kallman requested a bellboy to come to her room, carry her bags and packages to the lobby, and secure a taxicab for her at the main entrance of the hotel. The bellboy, one Leonard Cook, instead of complying with her request, informed her that she would have to take a taxicab from William Penn Way, a side street running at right angles to Fifth Avenue. He directed her to a loading platform at the rear of the hotel which abutted on Porter Way, a small

alley running parallel with Fifth Avenue and at right angles to William Penn Way. To the right of and adjoining the hotel is the building owned by the additional defendants. Appellant contends that the accident occurred in the rear of this adjoining property. Porter Way, formerly used as a rear entrance to a theatre, at the time of the accident was used not only as the rear entrance to the Sun Drug Company but also by employees and guests of Hotel Henry and for general loading and unloading. It was a paved way, approximately 40 feet long and 20 feet wide. At the rear of the Mellon property was an unguarded area-way approximately 3 feet long, 3 feet wide, and 12 to 18 feet deep. This area-way was approximately 15 feet from the edge of appellant's loading platform.

The evidence is conflicting as to the precise spot where plaintiff fell. She testified that she fell as she stepped from the loading platform in the rear of the Hotel Henry; that after she had fallen, her body rested on three separate levels. She offered no evidence regarding the property of the additional defendants. Appellant called two witnesses,—Cook, the bellboy who escorted plaintiff from the hotel, and Charles J. Heubaugh, assistant manager. The substance of their testimony regarding the locus of the accident is that they found the plaintiff lying in this unguarded area-way. They were the first to arrive at the scene of the accident and carried the plaintiff to a waiting taxicab which took her to the hospital.

Conflict in the evidence also exists regarding the sufficiency of light. Plaintiff testified that: "It was too dark, I couldn't see what." She reiterated that it was dark and unlighted where she fell. Appellant's testimony was that "the light is adequate enough" and Heubaugh testified that there was sufficient light for him to observe that plaintiff's ankle had swollen considerably.

Whether Porter Way was a private way or a permissive way was a question to be determined by a jury.

There was evidence that Porter Way was used by employees of the hotel and by employees of the additional defendants; that trucks periodically loaded and unloaded at the rear entrance of these properties; and, that occasionally hotel patrons, especially when burdened with luggage, used this rear entrance.

The oral testimony in the instant case created definite conflict regarding the locus of the accident, the presence or sufficiency of light, and the proximate cause of the accident. The jury should have been permitted to determine whether, under the circumstances, appellant was negligent in permitting Mrs. Kallman to use the rear entrance to the hotel and whether its acts were the sole and proximate cause of the accident, whether construction and maintenance by appellees of an unguarded and unlighted or insufficiently lighted area-way was the sole and proximate cause, whether there was concurrent negligence by appellant and appellees, and, finally, whether Mrs. Kallman should have seen the area-way, and was contributorily negligent.

The court below was in error in refusing to grant appellant's motion to remove the compulsory nonsuit. A nonsuit will be entered only in a clear case. It is the province of a jury to resolve any doubt regarding inferences to be drawn from oral evidence: *Kimbel v. Wilson,* 352 Pa. 275, 277, 42 A. 2d 526. All doubts must be resolved in favor of a trial: *Malone v. Marano,* 326 Pa. 316, 318, 192 A. 254. The party seeking a compulsory nonsuit admits every fact which a jury might infer from the evidence: *Stinson v. Smith,* 329 Pa. 177, 181, 196 A. 843. It should be noted that neither party has challenged the propriety of the compulsory nonsuit against the Sun Drug Company.

The order of the court below is reversed and appellees are reinstated as party defendants. Costs to abide the result.