## Hoss et vir *v.* Nestor Building and Loan Association, Appellant.

Argued October 4, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Stephen J. McEwen,* for appellees.

OPINION BY HIRT, J., January 14, 1949:

The wife-plaintiff entered defendant's apartment house in Philadelphia, from Chestnut Street in the early evening of June 2, 1946, before dark. She visited with a friend in an apartment on the fourth floor of the building and remained there until after midnight. On leaving through the same doorway by which she entered the building she fell on the outside steps leading from the hall to the level of the sidewalk below, and was injured. The jury found in favor of both plaintiffs for

the resulting damages. These appeals of the defendant, from the refusal of the court to enter judgments n. o. v. in its favor, raise the single question of the contributory negligence of the injured woman.

Except as to the degree of light in the hallway at the time of the injury there is no dispute as to the facts. There are two doors, with glass panels set in heavy wood frames, at the entrance to the building, which open outward. They are the only means of exit from the building available to tenants and their guests. Outside, there are two stone steps comprising the stoop leading from the level of the hall at the doorway to the walk below. On leaving the building the wife-plaintiff opened one of the doors by shoving it outward and immediately stepped down onto the broad tread of the upper stone step. The lights in the two lanterns, mounted on the uprights of the door frame outside of the entrance to the building, had been turned off at 10:30 that evening. This plaintiff was dependent on the light coming from a fixture in the ceiling of the hallway to see where she was going. And from the testimony and the favorable inferences from it, to which the plaintiffs are entitled, the lighting of the hallway was grossly inadequate. Of the five or six 15 watt lamps in the electric ceiling fixture, only two of them were lighted.

Mrs. Hoss testified that, although she could see the top step as she opened the door, yet when she stepped upon it, there was a shadow in front of her, cast by the dim light above and behind her. In the semi-darkness she misjudged the width of the stone tread of the top step of the stoop. She testified: ". . . I thought I had a chance to take another step before I would step down off the broad step." Instead, she over-stepped the outer edge of the stoop and lost her balance; she was injured in falling to the cement walk below. She testified that on opening the door and after taking the first step she couldn't see the outline of the stoop "because the shadow from my body reflected in front of me". She

testified that the light from the hallway didn't throw itself out on the step far enough for her to see.

Defendant admittedly was negligent in failing to provide adequate light for the safety of the lessees of the apartments and their guests entering and leaving the building. Cf. Restatement, Torts, §361, and Comment c. "The general rule . . . is that the owner or occupant of premises who induces others to come onto it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger": *Kmiotek v. Anast*, 355 Pa. 349, 49 A. 2d 695.

Cases of this type "necessarily depend largely upon their individual facts": *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831. And in our view, the circumstances of the present cases do not convict the wife-plaintiff of contributory negligence as a matter of law. To justify a court in declaring a person guilty of contributory negligence, barring recovery, "evidence of such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary. Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 194 A. 194": *Mogren et ux. v. Gadonas et al.*, 358 Pa. 507, 58 A. 2d 150. The wife-plaintiff had never before been in the apartment house. It was still daylight when she entered and although she must have then observed the steps, the law did not demand of her an infallible memory for the details of construction at the entrance of the building. From the testimony as a whole the jury were justified in the conclusion that this plaintiff exercised reasonable care under the circumstances. In leaving the building she was where she was obliged to be. Therefore the principle is applicable that "Where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light . . . contributory negligence will not be declared as a matter of law . . . It may be stated . . . that the

controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger": *Dively v. Penn-Pittsburgh Corp.*, supra.

The wife-plaintiff in remaining in the apartment house after dark was justified in assuming that the defendant would supply adequate lighting for her safety in leaving the building even as late as 12:30 a.m. Her injuries were directly occasioned by inadequate lighting of the two steps of the only means of exit from the building. A dark rubber mat on the top step further obscured its outlines and increased the hazard. "In these circumstances" to quote from Judge GORDON's opinion, "the trial judge could not have instructed the jury that, under the evidence, the darkness was so profound that the plaintiff was bound, as a matter of law, to proceed exclusively at her own peril, or to wait until sunrise, or [until] some good samaritan could be found to rescue her from her predicament and light her on her way home. She had a right to leave the building with due caution, by the exit and in the lighting conditions provided by the defendant itself for that purpose; and whether she was negligent in the manner in which she did so was for the jury to decide."

The light in the ceiling of the hallway provided by defendant was bound to cast a shadow on the steps in front of one leaving the building. The hallway was not lighted, as such places usually are by careful owners. The fact therefore that the top step was further obscured by plaintiff's shadow is not a factor which in itself will convict her of contributory negligence. What distinguishes the case at bar from those authorities where a shadow, contributing to the injury, barred recovery (e. g., *Mammana v. Easton Nat. Bank*, 338 Pa. 225, 227, 12 A. 2d 918; *Lewis et al. v. Duquesne Inclined P. Co.*, 346 Pa. 43, 28 A. 2d 925; *May v. Warner Bros. Theatres, Inc.*, 153 Pa. Superior Ct. 181, 33 A. 2d 278)

is the fact that here the lighting of the hallway, regardless of the inevitable shadow, was not otherwise adequate. Light of proper intensity would have shown through the glass panel of the other door which remained closed and without throwing a shadow would have disclosed the outline of the top step. "Shadows, where the lighting is otherwise adequate furnish no excuse for failure to see": *Lewis et al. v. Duquesne Inclined P. Co.*, supra. But it by no means follows that a defendant may be allowed to hide behind the shadows cast by inadequate lighting and thus save himself from the consequences of his own negligence.

Judgments affirmed.