We are concerned here with a type of accident with which the courts have very frequently been called upon to deal, — a person falling in a place insufficiently lighted. *Page 495 
Plaintiff, together with an escort, visited defendant's tavern at the northwest corner of Chancellor Street and Bellevue Court, Philadelphia, on a Saturday evening at about 10:30 o'clock. There are three entrances to the tavern, two on the Bellevue Court side and one on Chancellor Street; plaintiff, who had never previously been on the premises, entered from Bellevue Court. While in the taproom she did not drink any alcoholic liquor. At midnight the bartender closed and locked the two doors on Bellevue Court, leaving the door on Chancellor Street as the only exit. A few minutes after twelve plaintiff and her escort started to leave. The bartender told her that she would have to go out by the Chancellor Street entrance; while her escort lingered to converse with the bartender plaintiff passed through the door leading to Chancellor Street; it opened into a closed vestibule in which a step led down from the level of the tavern floor; at the outer or street side there was a storm door in front of which two further steps led down to the level of the street. Plaintiff testified that the light in the ceiling of the vestibule was unlit, that the lights in the taproom itself were out except for some dim ones in back of the bar, and that it was "pitch" dark or "quite" dark in the vestibule; her escort described it as "absolutely" dark. As she proceeded through the vestibule she felt her way with her hand along the side wall, but, thinking that the top level continued outward further than it did, she fell from the first step, struck the storm door, and was found lying partly within the vestibule and partly on the lowest step toward the street. For the injuries she sustained she brought suit against the proprietor of the tavern. The jury returned a verdict in her favor and the court refused defendant's motions for a new trial and for judgment n. o. v. Defendant appeals.
The jury was clearly justified, if it believed plaintiff's testimony, in finding that defendant was negligent in *Page 496 
switching off the light in the vestibule at midnight, as he is said to have done, instead of letting it remain until plaintiff, as well as all his other patrons, had departed. The real question is in regard to plaintiff's contributory negligence, which is the ground upon which defendant relies for a reversal of the judgment. The legal principles applicable to such a case were set forth in Dively v. Penn-PittsburghCorporation, 332 Pa. 65, 69, 70, 2 A.2d 831, 833, as follows: "There is a multitude of cases of this type to be found in the reports, but they necessarily depend largely upon their individual facts. However, analysis would seem to justify their classification into two groups. There are those in which a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence.[1] In such cases recovery is denied. . . . There are other cases where there is some fairly compelling reason for walking in a place[2] which, though dark, is not utterly devoid of light.[3] Under such circumstances, contributory negligence will not be declared as a matter of law. . . . It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature *Page 497 
are the degree of darkness and the justification for the injured person's presence in the place of danger."
Analyzing the present case in the light of that pronouncement it seems obvious that the jury was justified in rendering a verdict for plaintiff and that the court could not have declared her guilty of contributory negligence as a matter of law. It is clear that plaintiff was under a "reasonable necessity" for taking her departure through this vestibule and that there was a "fairly compelling reason" for her presence there, it being the only exit available to her and one which she was using in obedience to the express instruction of defendant's agent. Moreover, while she described the vestibule as "pitch dark" and "quite dark" it would seem from other testimony that this was somewhat of an exaggeration, especially as a photograph of the vestibule shows that the upper half of the door which led from the tavern and the upper half of the storm door which opened into the street were both constructed of glass, so that some measure of light must inevitably have filtered in from both directions. Nor was she guilty of any carelessness in the manner in which she walked through it; she tried to feel her way cautiously by holding onto the side wall, and therefore her case is not similar to those which deny recovery where the claimant is negligent in the manner in which he proceeds through the unlighted area or where, unlike here, he was familiar with the construction and the conditions surrounding the portion of the premises where the accident occurred.[4]
Judgment affirmed.
[1] Examples: Davis v. Edmondson, 261 Pa. 199, 104 A. 582; Hoffnerv. Bergdoll, 309 Pa. 558, 164 A. 607; Modony v. Megdal, 318 Pa. 273,178 A. 395; Barth v. Klinck, 360 Pa. 616, 62 A.2d 841;McVeagh v. Bass, 110 Pa. Super. 379, 171 A. 486.
[2] Examples: Vetter v. Great Atlantic Pacific Tea Co., 322 Pa. 449,185 A. 613; Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65,2 A.2d 831; Kmiotek v. Anast, 350 Pa. 593, 39 A.2d 923;Mogren v. Gadonas, 358 Pa. 507, 58 A.2d 150; Leekstein v.Morris, 80 Pa. Super. 352; James v. Smith, 93 Pa. Super. 485. 
[3] Examples: Haugh v. Harris Brothers Amusement Co., 315 Pa. 90,172 A. 145; Murphy v. Bernheim Sons, Inc., 327 Pa. 285,194 A. 194; Douville v. Northeastern Warehouse Co., 337 Pa. 188,10 A.2d 394; Rutherford v. Academy of Music, 87 Pa. Super. 355
: Cathcart v. Sears, Roebuck Co., 120 Pa. Super. 531,183 A. 113; Hoss v. Nestor Building Loan Assn., 164 Pa. Super. 77,63 A.2d 435.
[4] Examples: Murray v. Earl, 282 Pa. 517, 128 A. 436; Conboy v.Osage Tribe No. 113, 288 Pa. 193, 135 A. 729; Bailey v.Alexander Realty Co., 342 Pa. 362, 20 A.2d 754; Bartek v.Grossman, 356 Pa. 522, 52 A.2d 209. *Page 498