## Brown *v.* Beaver Valley Motor Coach Company et al., Appellants.

Argued September 27, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Thompson Bradshaw*, with him *Bradshaw & Panner*, for Beaver Valley Motor Coach Company, appellant.

*Leonard L. Ewing*, with him *John D. Ray* and *Reed, Ewing & Ray*, for Donatelli Construction Company, appellant.

*Earl J. Schermerhorn*, with him *Smith & Schermerhorn*, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 13, 1950:

Plaintiff, Harry Brown, brought this action in trespass against Beaver Valley Motor Coach Company (hereinafter called the Bus Company) and Donatelli Construction Company (hereinafter called Donatelli) to recover damages for personal injuries resulting from a fall allegedly caused by the concurrent negligence of both defendants. The jury returned a verdict against both defendants in the sum of $5000. Judgment was entered on the verdict and both defendants appealed, each alleging that he was not negligent and that plaintiff was guilty of contributory negligence.

During August of 1947, Donatelli was reconstructing State Highway Route 88 in the Borough of Baden, Beaver County. When the work was started the road was barricaded to all vehicular traffic but because this

worked a hardship on the local residents, Donatelli granted the Bus Company permission to run its buses through the area under construction and gave the same privilege to owners of private vehicles residing in that area.

Plaintiff was a regular passenger of the Bus Company, riding to work each afternoon and returning home late at night. Prior to August 18, 1947, he had always been discharged on his homeward journey at the intersection of Route 88 and Virginia Avenue in the Borough of Baden. On that date, according to plaintiff's testimony, the bus stopped, for no apparent reason, two hundred to two hundred and fifty feet short of the regular bus stop at Virginia Avenue and eight or ten feet out from the curbline. Because it was 11:30 P.M. on a dark night, he did not realize until after the bus had moved on that he had been let off the bus at other than its regular stopping place. He waited until his eyes became adjusted to the darkness and then started directly toward the sidewalk, feeling his way cautiously over the uneven ground. The curb had been removed in the afternoon after plaintiff had gone to work but a pile of dirt remained at the site of the old curb. When he attempted to step onto that dirt his foot struck a board and he fell against a piece of pipe. As he was getting up from that fall he tripped over the board and fell back into an open manhole in the street. These falls resulted in the serious and permanent injuries of which he here complains.

Both Donatelli and the Bus Company argue that plaintiff could have walked up the road to Virginia Avenue and there reached the sidewalk in safety. They contend that when he chose instead to walk over the mounds of dirt he was testing a known danger and was therefore guilty of contributory negligence. Although the rule which defendants thus iterate is a sound one, it is clearly inapplicable here. This is not a case where

one route was obviously safe and the other dangerous. As we said in *Perry v. Pgh. Rys. Co.,* 357 Pa. 608, 614, 55 A. 2d 354: ". . . the rule requires as one of the conditions of its applicability the existence of two distinct ways—one clearly recognizable as safe and the other as involving danger—with an attending freedom of choice of ways available to the pedestrian." See also *Bockstoce v. Pittsbgh. Rwys. Co.,* 159 Pa. Superior Ct. 237, 241, 48 A. 2d 126. Here, plaintiff was discharged from the bus in total darkness and left two hundred feet from Virginia Avenue. He had no knowledge of what obstructions had been created by the construction in that area while he had been at work. He could, in fact, properly assume that the bus had stopped where it did because of obstacles in the road at the usual bus stop. Furthermore, had he chosen to walk up the road he would also have faced the hazards of vehicular traffic on the narrowed cartway which was open. Certainly under those circumstances we cannot say as a matter of law that he was guilty of contributory negligence. He exercised his best judgment based on the facts then available to him. Whether his judgment was that of a reasonable man was a question for the jury and we are bound by its determination of it.

It is equally clear that the question of the Bus Company's negligence was properly left to the jury. While it is true that common carriers are not liable for injuries resulting from *ordinary* defects in the street (*Perret v. George,* 286 Pa. 221, 133 A. 228), they must exercise reasonable diligence to give passengers a safe place to alight and pass out of danger: *Lyons v. Pittsburgh Rys. Co.,* 301 Pa. 499, 152 A. 687, *McCollum v. Pitts. Rys. Co.,* 51 Pa. Superior Ct. 637. This the Bus Company failed to do. The driver of the bus knew that plaintiff would have to reach the sidewalk. He also knew or should have known that at the place where he stopped the bus the mounds of earth and the unevenness

of the ground would make this a hazardous venture. By discharging plaintiff in a place of obvious danger, the driver failed to exercise the degree of care which the law requires. Plaintiff's injuries were caused by that failure and the Bus Company, being responsible for the negligence of its employes, is liable in damages to plaintiff for his injuries.

We cannot, however, reach the same result in regard to Donatelli. It may be, as plaintiff contends, that Donatelli should have covered the hole, but we cannot see how that failure in any way was a breach of duty to plaintiff. In order for one to be held liable for injury to another it must be foreseeable that the injury would result to that person or class of persons: *Bruce v. Pgh. Housing Auth.*, 365 Pa. 571, 76 A. 2d 400; *Irwin Sav. & Tr. Co. v. Penna. R. R. Co.*, 349 Pa. 278, 289, 37 A. 2d 432; *Bardis v. Phila. & Reading Ry.*, 267 Pa. 352, 109 A. 621.

In this respect this case is similar to that of *Schwartz v. Jaffe*, 324 Pa. 324, 188 A. 295. There, plaintiff was a passenger in a private car. The driver of the car knew that the road was under construction but in spite of that was driving at a speed of 45 miles per hour when the car hit a deep hole and overturned causing plaintiff's injuries. Plaintiff sued both the driver and the construction company. This Court affirmed a directed verdict in favor of the construction company on the ground that the driver alone was the culpable party.

In this case, had the condition here complained of existed at or near the regular bus stop, Donatelli might well have foreseen that a person alighting from a bus might fall and be injured. But it is clear to us that he could not reasonably foresee that the Bus Company would discharge plaintiff two hundred feet from the regular stop on a dark night at a place where construction work with its resulting obstacles was known to be

in progress and that plaintiff would trip over those obstacles and fall into the hole in the street. To enunciate such a rule would be to require Donatelli to anticipate the palpable negligence of the Bus Company and this we cannot do.

Plaintiff's injuries resulted solely from the Bus Company's failure to properly perform the duty it owed to plaintiff. It is alone, therefore, liable in this action.

Judgment as to the Beaver Valley Motor Coach Company is affirmed; but as to the Donatelli Construction Company, it is reversed and judgment is here entered in its favor.