Scurco, Appellant, *v.* Kart.

436

Argued March 30, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

A. H. Rosenberg, with him Rosenberg & Rosenberg, for appellant.

Ira R. Hill, with him Reed, Smith, Shaw & McClay, for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 24, 1954:

This is the familiar case where a person falls at a place inadequately lighted and the question is whether he was guilty of contributory negligence. The controlling principle governing that question was stated in Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65, 69, 70, 2 A. 2d 831, 833, and repeated in Polm v. Hession, 363 Pa. 494, 496, 497, 70 A. 2d 311, 312; Carns v. Noel, 364 Pa. 77, 80, 70 A. 2d 619, 620; Ellis v. Drab, 373 Pa. 189, 193, 94 A. 2d 189, 191; and Hoss v. Nestor Building & Loan Ass'n, 164 Pa. Superior Ct. 77, 80, 81, 63 A. 2d 435, 437, as follows: "There are those [cases] in which a person wanders around in a place

absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. In such cases recovery is denied: . . . . There are other cases where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances, contributory negligence will not be declared as a matter of law: . . . . It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger." When the rule thus enunciated is applied to the facts of the present case it becomes evident that the court below was in error in nonsuiting the plaintiff.

Jaconda Scurco, a woman 34 years of age, occupied for several years an apartment on the third floor of a building at 2031 Fifth Avenue, Pittsburgh. She was accustomed to leave her apartment for her place of employment at twenty minutes to seven each morning. Her regular method of exit was down a flight of stairs to the second floor and then through a narrow hallway, a slight turn onto a landing, a descent of three steps to a lower level of the hallway, and finally down another flight of stairs to the Fifth Avenue exit of the building. All the tenants of the building were accustomed to use these passageways from floor to floor. On the occasion in question, November 29, 1949, plaintiff found that the light at the foot of the stairway from the third to the second floor was out, as was also another light at the top of the stairs from the second to the street floor. As she walked along the hallway she braced herself with her hands against the wall on either side. Although two lights were burning, one outside the door of her apartment and the other at the far end of the second-floor hallway, the

inadequacy of the lighting as a whole caused her to overstep the landing and fall down the three steps, whereby she sustained allegedly substantial injuries. She testified that the light where she fell was dim but the place was not wholly dark, that the landing and the steps were covered with black rubber stripping, and that shadows were cast thereon by the stairways obstructing the lights. Defendant, the owner and manager of the apartment building, did not contest the charge of negligence, but the learned trial judge entered a nonsuit on the ground that plaintiff was guilty of contributory negligence as a matter of law. The court en banc refused to take off the nonsuit and entered judgment for defendant. Plaintiff appeals.

Applying the governing rules outlined in the *Dively* case, it is clear, (1) that the plaintiff had a "fairly compelling reason" for walking through the hallway since she was bound for her place of employment the same as on every morning during the period of her occupancy of the apartment; (2) that the place where she fell "though dark, was not utterly devoid of light." The question, therefore, as to whether she was negligent in proceeding along the hallway in view of the condition there prevailing was for the jury and could not properly be determined against her as a matter of law.

The principal contention of defendant was that plaintiff should have used another exit from the building which was available to her. It seems that a few feet from the entrance to her apartment was a door opening onto DeRuad Street, immediately in the rear of the premises; that street was at a higher elevation than Fifth Avenue in the front of the building so that it would not have been necessary in reaching it to walk down any stairways. Defendant invokes the well established rule that where a person, having a choice of two ways, one of which is perfectly safe and the

other subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover.* The plaintiff, however, testified, as did two other tenants of the building, that the women never used the exit to the rear except in broad daylight because the street there was a dirt road which was torn up and not well lighted, and there had been hold-ups there and attacks on women; one of the witnesses characterized it as " a bad street"; furthermore, coming out onto DeRuad Street would have necessitated quite a long walk around for plaintiff to get to the car line on Fifth Avenue. Under such circumstances the rule is that, if the alternative route has dangers of its own and the dangers of the route actually taken are not so great and obvious as to deter ordinarily prudent and careful people from using it, the question of contributory negligence is for the jury: *Mellor v. Bridgeport*, 191 Pa. 562, 43 A. 365; *Perry, Admr. v. Pittsburgh Rwys. Co.*, 357 Pa. 608, 614, 615, 55 A. 2d 354, 358; *Brown v. Beaver Valley Motor Coach Co.*, 365 Pa. 578, 580, 581, 76 A. 2d 403, 405; *Graham v. Reynoldsville Borough*, 132 Pa. Superior Ct. 296, 300, 200 A. 681, 682, 683; *Bockstoce v. Pittsburgh Rwys. Co.*, 159 Pa. Superior Ct. 237, 241, 48 A. 2d 126, 128; *Garvin v. Pittsburgh*, 161 Pa. Superior Ct. 140, 143, 144, 53 A. 2d 906, 908; *Plewes v. Lancaster*, 171 Pa. Superior Ct. 312, 316, 317, 90 A. 2d 279, 282.

Judgment reversed and new trial granted.

---

* *Haven v. Pittsburgh & Allegheny Bridge Co.*, 151 Pa. 620, 25 A. 311; *Levitt v. B/G Sandwich Shops, Inc.*, 294 Pa. 291, 144 A. 71; *Kaczynski v. Pittsburgh*, 309 Pa. 211, 163 A. 513; *Starovetsky v. Pennsylvania R. R. Co.*, 328 Pa. 583, 195 A. 871; *Tharp v. Pennsylvania R. R. Co.*, 332 Pa. 233, 2 A. 2d 695; *Simpkins v. Pennsylvania R. R. Co.*, 334 Pa. 1, 5 A. 2d 103; *Smith v. Pittsburgh*, 338 Pa. 216, 12 A. 2d 788; *Birthisel v. Concord Premium Building & Loan Association*, 343 Pa. 194, 22 A. 2d 685; *Reid v. Pennsylvania R. R. Co.*, 121 Pa. Superior Ct. 37, 182 A. 760.