Flood, Appellant, *v.* Pennsylvania Railroad.

Argued September 27, 1956.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Samuel H. Stewart,* with him *Morris M. Terrizzi,* for appellant.

*C. Jewett Henry,* with him *A. Lynn Corcelius,* and *Henry & Corcelius,* for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

Richard L. Flood, plaintiff, instituted an action in trespass against the Pennsylvania Railroad Company in which he sought to recover damages sustained to one of his trucks which was struck by defendant's train in its tie yard at Mt. Union, Huntingdon County on April 22, 1953. At the close of plaintiff's case, a judgment of compulsory nonsuit was entered. Plaintiff's motion to take off the nonsuit was refused, from which this appeal was taken.

The basic question involved is whether plaintiff's driver was guilty of contributory negligence. Viewed in the light most favorable to the plaintiff, the testimony discloses that about 5:30 P.M. of the day of the accident, plaintiff's driver arrived at defendant's creosoting tie plant at Mt. Union with a truck load of ties of mixed sizes. The entrance to the yard was closed and the defendant's watchman unlocked the entrance and admitted the driver and truck into the yard. During a period of one and one-half years preceding the accident, plaintiff's driver had delivered ties by truck to this yard on numerous occasions and was familiar with the yard and its operation. The driver proceeded on a driveway, approached and crossed switch track number 2, and then operated the truck approximately 44 feet from track number 2 to track number 2a until the truck stopped on track number 2a. The driver stopped the truck and observed a string of railroad cars standing on track number 2a at a distance of approximately two hundred or two hundred fifty feet from the truck.

Plaintiff's driver could have stopped the truck in several places: (1) before crossing track 2; (2) inasmuch as the truck was twenty-two feet long and in view of the fact that there was a distance of 43.9 feet

between tracks 2 and 2a, between these two tracks; (3) between tracks 2a and 3 which were almost sixty-two feet apart.

The driver did not see the locomotive attached to the other end of the thirteen-car train as it was hidden from his view by some ties stacked along the sides of the curving track. He left his truck and walked in the direction of the train along track 2a, a distance of approximately two hundred feet, looking for a place to unload. When the train commenced to move toward the truck, the driver unsuccessfully attempted to return to the truck to remove it from the crossing, and the rear of the train collided with and damaged plaintiff's truck. None of the train crew were aware of the presence of the truck on the crossing until after the collision.

The action was brought on theory that defendant company's employes, without looking, were negligent in backing into the truck which was in plain view and which could have been seen had the defendant's employes been more careful and observant before moving the train. Defendant contends that plaintiff, by his own testimony, admits that the driver of the truck had a choice of three safe places to park and unload, but that he chose to stop in a place of danger and, therefore, is guilty of contributory negligence.

Appellant contends that the driver had a legal right to park in the yard and, therefore, it was incumbent upon the defendant's employes to exercise reasonable care in moving the train. With this contention we have no quarrel. However, it was also incumbent upon the driver to see that he was not stopping his truck in a dangerous place. It was his duty to make certain that no engine was attached to the train of cars standing on the very same track upon which he parked his

truck. He could have parked the truck in several other places of safety. He chose to stop and park it unattended in a place of danger. The driver of the truck testified that his place of parking his truck was as a convenience to him and not a matter of necessity.

The possibility of a collision could have been avoided had he driven the truck off the tracks. There is evidence that this could have been done without hampering his unloading. Where a person having several alternatives, some of which are safe and others dangerous, chooses the dangerous place and a collision occurs, such person is guilty of contributory negligence. *Reid v. Pennsylvania Railroad Company,* 121 Pa. Superior Ct. 37, 182 A. 760; *Scurco v. Kart,* 377 Pa. 435, 105 A. 2d 170.

Plaintiff cites *Katz v. Wanamaker,* 381 Pa. 477, 112 A. 2d 65 in support of his theory of the case. The facts there, however, are in no way similar to the facts in the case before us. In the *Katz* case, water and dirt were accumulated on some 20 or 25 steps and remained in that condition for an hour before a customer slipped and was injured. The Supreme Court found that, under the facts, the question of contributory negligence was for the jury. A clear distinction can be found between the two cases. Our review of two other cases relied upon by the plaintiff leads us to conclude that they are also distinguishable from the facts in the instant case. In *Usher v. Pittsburgh & Lake Erie Railroad Company,* 340 Pa. 234, 16 A. 2d 387, the Supreme Court had before it an action for personal injuries in which it appeared that the plaintiff stopped, looked, and listened before entering a grade crossing where the range of vision was limited to 170 feet. He was struck by a fast moving train which approached without warning. The Court properly decided that the ques-

tion of plaintiff's contributory negligence was for the jury. In *Malitovsky v. Harshaw Chemical Company,* 360 Pa. 279, 61 A. 2d 846, it was held that the evidence did not establish as a matter of law that plaintiff was contributorily negligent.

Under the testimony in the case before us, plaintiff, having chosen the risk of a dangerous position when safer positions were clearly available, was guilty of contributory negligence, and the court properly granted the motion for compulsory nonsuit.

On the other question—whether a single sitting judge can enter a compulsory nonsuit—we have but to refer to *Sterrett v. MacLean,* 293 Pa. 557, 143 A. 189. The lower court in its opinion has answered this question in stating that the Twentieth Judicial District consists of but one judge.

Judgment affirmed.