Jerdon, Appellant, *v.* Sirulnik.

Argued April 20, 1960.   Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Eagen, JJ.

*William P. Thorn,* with him *Edward Rocap,* for appellants.

*John F. Cramp,* with him *George J. McConchie,* for appellees.

OPINION BY MR. JUSTICE COHEN, June 29, 1960:

These are appeals from a judgment entered by the court of common pleas in a negligence action after the court had directed a verdict for the defendants and denied plaintiffs' motion for a new trial. The circumstances of the accident are summarized by the court below as follows: "The wife-plaintiff had been a domestic employee in the defendants' home for six days when, in the course of her duties, she slipped and fell on some water at the foot of the basement stairs and was injured. . . . The defendants live in a split level house. The kitchen and laundry are on one floor, the recreation room is in the basement. Plaintiff, returning from another part of the house at about 11:30 a.m., observed water on the floor of the laundry and went to fetch a mop. She flicked on a light, descended the stairs to the recreation room, put both feet on the floor, slipped on some water on it, which she did not see, and fell.

"The recreation room is lighted by windows and three overhead lights and two standing lamps. The wife-plaintiff described the windows as high and not giving much light. Two of the overhead lights and the floor lamps could be switched on only in the basement. The other ceiling light was switched on by the plaintiff at the top of the stairs."

To make out a case of negligence a plaintiff must prove, inter alia, that the defendant owed the plaintiff a duty which was breached. As to the duty that these defendants owed to the wife-plaintiff, the parties agree on the applicability of the rule expressed in Section 492 of the Restatement (2d), Agency: "A master is subject to a duty that care be used either to provide working conditions which are reasonably safe for his servants and subservants, considering the nature of the employment, or to warn them of risks of unsafe conditions which he should realize they may not discover

by the exercise of due care." Comment b of Section 492 provides that the master's duty applies not only to servants in industrial establishments but also to domestic servants.

The theory of plaintiffs is that the defendants were negligent in failing to provide sufficient light for the premises in which the wife-plaintiff performed her duties.

Considering, then, the nature of the wife-plaintiff's employment as a resident domestic, what evidence was adduced to show the lack of care by defendants in furnishing reasonably safe lighting conditions? What evidence was offered to prove either that the lighting equipment or the arrangement thereof was not "reasonably safe" for working purposes? As we review the record, there was none. Presented in the manner most favorable to plaintiffs, the evidence discloses that the light which the wife-plaintiff was able to switch on from the top of the stairs was located in the center of the recreation room but to the rear and left of persons descending the stairway, so that any direct illumination furnished by that light was blocked by the wife-plaintiff (as it would be by any person) as she descended the stairs. To some extent this light might also have been blocked by the riser in the stairs. Thus, either the wife-plaintiff descending or the riser or both created a shadow at the foot of the stairs thereby concealing the water upon which the wife-plaintiff slipped. The lower court ruled that this evidence in no way established any negligence on the part of defendants, and accordingly directed that the verdict be entered in defendants' favor. We agree with the lower court.

The line of proof advanced by the plaintiffs shows only how the accident might have occurred—it does not in any way challenge the degree of care exercised by the defendants in having their recreation room lit in

the manner it was, nor does it indicate that the resulting illumination made the recreation room one in which it would not be reasonably safe for a domestic to work. The plaintiffs presented no testimony by an architect, builder or building inspector, that the lighting was subnormal or that it was insufficient to illuminate the recreation room as it was constructed, nor was there any evidence of the equipment being either temporarily or permanently out of order. In short, the plaintiffs did not offer any evidence which might show that either the stairway or the floor where the water was could not be seen, but only that the water was not seen. Necessarily, the duty to provide reasonably safe working facilities and conditions for domestic servants does not include providing so great a degree of lighting that every possible foreign item is capable of being seen. The duty is fulfilled if there is sufficient light to make it reasonably safe for the domestic to use the premises for the purpose intended, namely, to walk the stairs and floors. As the lower court states in its opinion, "The default in plaintiff's case is that she did not prove 'the status of the floor at the foot of the stairs *could not* be detected by this reasonably observant plaintiff,' but only that [the water] *was not* detected. If failure to detect the hazard were to be considered proof of negligence, this would transgress the rule that the mere happening of an accident is not evidence of negligence."

Even assuming that the lighting arrangement constituted an unsafe working condition, the defendants would not be held liable to plaintiffs in these circumstances. Under the Restatement rule, the defendants' duty is either to use care in providing reasonably safe working conditions or to warn the wife-plaintiff of existing unsafe conditions that the defendants realize will not be discovered by the exercise of due care. There was no reason for defendants to believe that after six

days of residing in defendants' home and using the stairway numerous times daily in the course of her work, the wife-plaintiff would not have herself become aware of the lighting conditions of the recreation room.

The cases upon which plaintiffs rely in their assertion that there was negligence here for which the defendants are liable are all distinguishable. They either involve situations in which some dangerous defect or separate obstruction[1] or a change in the levels where persons had to walk[2] was poorly lighted, or situations in which there was some evidence of the inadequacy of the lighting other than the happening of the accident.[3] Here there was no evidence that the steps or floors could not be seen; that the defendants knew of or were responsible for the presence of the water; that the lighting was in any way defective, or that the plaintiff had not been fully aware of and acquainted with the lighting conditions in the recreation room.

Judgment affirmed.,

---

[1] *Duffy v. Peterson*, 386 Pa. 533, 126 A. 2d 413 (1956); *Schaff v. Meltzer*, 382 Pa. 43, 114 A. 2d 167 (1955); *Dively v. Penn-Pittsburgh Corporation*, 332 Pa. 65, 2 A. 2d 831 (1938); *Curry v. Atlantic Refining Company*, 239 Pa. 302, 86 Atl. 856 (1913); *Donohue v. Western Union Telegraph Co.*, 57 Pa. Superior Ct. 251 (1914).

[2] *Scurco v. Kart*, 377 Pa. 435, 105 A. 2d 170 (1954); *Stevenson v. Pennsylvania Sports and Enterprises, Inc.*, 372 Pa. 157, 93 A. 2d 236 (1952); *Polm v. Hession*, 363 Pa. 494, 70 A. 2d 311 (1950); *Kallman v. Triangle Hotel Co. of Pennsylvania*, 357 Pa. 39, 52 A. 2d 900 (1947); *Kmiotek v. Anast*, 350 Pa. 593, 39 A. 2d 923 (1944); *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Superior Ct. 531, 183 Atl. 113 (1936).

[3] *Hoss v. Nestor Building and Loan Assn.*, 164 Pa. Superior Ct. 77, 63 A. 2d 435 (1949).

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The plaintiff, Mary Jerdon, was injured when she fell in a pool of water in the defendants' basement which was lighted in such a manner as to obscure the presence of the offending liquid. The Trial Judge directed a verdict for the defendant and this Court has affirmed the judgment. The Majority Opinion says: "There was no reason for defendants to believe that after six days of residing in defendants' home and using the stairway numerous times daily in the course of her work, the wife-plaintiff would not have herself become aware of the lighting conditions of the recreation room."

But this only states part of the case. The plaintiff said that the lighting was inadequate because of the conditions prevailing on the day she fell. She pointed out that the only switch available to one descending the stairs threw on such a feeble illumination that it lighted up only part of the room below. There were additional electric lights in the basement but they could not be turned on until one reached the floor, when, of course it would be too late to help someone who had already measured his length on the floor. Even so, it was not the inadequate lighting of itself which caused the plaintiff's injuries. It was the poor illumination plus the pool of water, of whose presence the plaintiff was ignorant. She had been a domestic in the defendants' employ for six days, but nothing happened in those six days to warn her that at any unexpected moment the basement floor would cover with a fluid, which, because of its transparency, would mask its presence.

The inadequate lighting was only one negligent circumstance. The other was the water. Together they formed a vise which crushed the plaintiff and broke her hip.

In *Casey v. Singer,* 372 Pa. 284, 289, this Court said: "A defective condition which is harmless in itself but which, combined with a foreseeable, fortuitous happening causes injury to a third person, constitutes contingent negligence."

In *Campbell v. Pittsburgh,* 155 Pa. Superior Ct. 439, the Superior Court said wisely and justly: "We may therefore take it to be the law that although foreseeability of injury is a controlling factor in determining proximate cause of injury to a plaintiff, it is not restricted to the probability of injury in the precise manner in which the injury occurred. And if injury is foreseeable, a defendant is not necessarily relieved from liability because of other contributing causes if the defendant's negligence is a proximate cause of the injury. It has long been the law that negligence may be a proximate cause of an injury of which it is not the sole cause."

I would reverse and send the case back for a jury determination of the factual question involved.