W. J. Dillner Transfer Company, Appellant, *v.*
Messner.

Argued May 27, 1952.   Before DREW, C. J., STERN,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Douglass D. Storey,* with him *Ernie Adamson, John
H. Moody* and *Storey & Bailey,* for appellant.

*Phil H. Lewis,* Deputy Attorney General, with him
*Robert E. Woodside,* Attorney General, for appellees.

OPINION BY MR. JUSTICE BELL, June 24, 1952:

The real question in this case is: May an owner
operate *a combination of a truck tractor and semi-*

*trailer* on the highways of Pennsylvania if the gross weight exceeds 45,000 pounds but does not exceed the gross carrying capacity for which each of the two vehicles has been separately registered under The Vehicle Code?

Plaintiff, a common carrier by motor vehicle in both interstate and intrastate commerce, duly registered and certified by both the Public Utilities Commission and the Interstate Commerce Commission, is a domestic corporation with headquarters in Pittsburgh. Plaintiff brought a Bill in equity (1) to restrain the Secretary of Highways and the Commissioner of State Police from interfering with the passage of their combined truck tractors and semi-trailers and (2) to compel the Secretary of Highways to issue to plaintiff a special hauling permit for overweight cargo. The Secretary of Highways refuses to issue a special permit if, as in this case, the load is built-up or is capable of dismemberment. Defendants filed preliminary objections which were sustained by the trial Court in an able opinion written by President Judge BRAHAM; the plaintiff's bill was dismissed.

Section 102 of The Vehicle Code—Act of 1 May, 1929, P. L. 905, as amended, 75 P.S. 2—provides: ". . . Semi-trailer.—Every vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its load rests upon or is carried by another vehicle.

"Truck Tractor.—Every motor vehicle designed and used primarily for drawing other vehicles, and not so constructed as to carry a load, other than a part of the weight of the vehicle and load so drawn."

§903 (75 P.S. 453) provides: "Weight of Vehicles and Loads.—(a) Commercial motor vehicles and truck tractors, other than those electrically operated, shall not be used or operated on any highway with gross

weight exceeding those specified for the several classes and weights of chassis as follows:

| Four-Wheeled (2 Axles) Class. Chassis Weight in Pounds | Maximum Gross Weight in Pounds |
|---|---|
| * * * * * | |
| W..6000 and over, but less than 7500, .... | 23000 |
| Y..7500 and over, but less than 9000, .... | 27000 |
| Z..9000 and over, ..................... | 30000 |
| * * * * * | |

(c) Trailers and semi-trailers, except trailers designed and used exclusively for living quarters, shall not be used or operated on any highway with gross weight exceeding those specified for the several classes as follows:

| Four-Wheeled (2 Axles) Trailer or Semi-Trailer | Maximum Gross Weight |
|---|---|
| * * * * * | |
| G..6000 and over, ................... | 26000 |
| * * * * * | |

(g) *No truck tractor and semi-trailer combined,* except fire department equipment, *shall be operated upon any highway with a gross weight in excess of forty-five thousand (45,000) pounds;*[*] or in excess of twenty thousand (20,000) pounds on any axle, or in excess of eight hundred (800) pounds on any one wheel for each nominal inch of width of tire on such wheel; axle or axles of semi-trailer shall not be less than ninety-six (96) inches from the axle of the truck tractor."

A truck tractor cannot carry its own load; and a semi-trailer cannot move under its own power. Some of the weight and load of the semi-trailer must rest upon the truck tractor, which is designed and used primarily

---

[*] Italics throughout, ours.

for drawing other vehicles and is not so constructed as to carry its own load.

Section 903 (g) of The Vehicle Code is clear and is directly and specifically applicable to *a combined truck tractor and semi-trailer* which are clearly and expressly limited to a gross weight of 45,000 pounds. The Code also limits the axle weight and the wheel weight of a combined truck tractor and semi-trailer, as well as the separate gross weight of a truck tractor and of a semi-trailer in order to distribute the weight or load so as to safeguard the highways and bridges of this Commonwealth.

Plaintiff, in spite of section 903 (g), contends that it may operate a combination of truck tractor and semi-trailer until the gross weight equals 100% of the gross carrying capacity for which each of these vehicles has been separately registered, plus 5% tolerance allowed under certain circumstances as provided in section 903 and section 904. This would enable plaintiff with a "W" truck tractor and a 2 axle semi-trailer to have a combined gross weight of 49,000 pounds; a "Y" truck tractor with a 2 axle semi-trailer to have a combined gross weight of 53,000 pounds; and a "Z" truck tractor with a 2 axle semi-trailer to have a combined gross weight of 56,000 pounds; plus in each case a 5% toleration allowance.

Plaintiff's ingenious argument flies in the teeth of the well known and often expressed intent of the legislature, which is clearly set forth in section 903 (g), viz.: Where these two vehicles are used in combination, their gross weight shall not exceed 45,000 pounds, for the reason that the Legislature believes that any additional *combined* weight would seriously damage or ruin the highways and bridges of this Commonwealth. To avoid this conclusion, plaintiff contends that §903(g) must be construed in conjunction (a) with other pro-

visions of The Vehicle Code which, as we have seen fix *separate* gross weights for truck tractors and for semi-trailers and (b) with The Tractor Code which was likewise passed by the Legislature on May 1, 1929 (P.L. 1005, 75 P.S. 861). We find no merit in these contentions. The provisions of §903 (g) are directly and expressly applicable to a combined truck tractor and semi-trailer vehicle and are not in conflict with any other part of The Vehicle Code or with any provision of The Tractor Code.

The Tractor Code does not contain a clear definition of a "tractor". However, its nature and character and use are well known to farmers, manufacturers and the public generally—its large wheels, often with cleats, metal tires or caterpillar treads, the caterpillar or crawler type of vehicle, its customary use and its very low speed, clearly differentiate a tractor from a truck or truck tractor. There is no semi-trailer provided for under The Tractor Code but there is a trailer with two wheels and one axle which is very nearly, if not exactly, the same thing as the so-called semi-trailer under The Vehicle Code. Not only is a truck tractor by nature, type, characteristics, customary use, speed and definition, very different from a tractor, but *the combination* of a truck tractor and semi-trailer provided for under The Vehicle Code is, by its combined characteristics, use, speed and effect on the highways, very different from a combination of a tractor and a trailer which are *separately* provided for under The Tractor Code.

Plaintiff seeks to modify and further distinguish §903 (g) of The Vehicle Code by contending that it applies only to truck tractors and semi-trailers which have not been registered in Pennsylvania. The trial Court correctly concluded that the effect of such an interpretation would be to apply the combined load of 45,000 pounds only to out of state unregistered truck

tractors and semi-trailers, and if so, this would amount to discrimination against interstate commerce and would violate the Commerce Clause of the Federal Constitution: *Morris v. Duby,* 274 U.S. 135, 143; *Buck v. Kuykendall,* 267 U.S. 307. To overcome this difficulty, plaintiff contends that §903 (g) applies to (but only to) all unregistered vehicles, whether engaged in intrastate or interstate commerce or both, and whether owned by residents or non-residents of Pennsylvania. We find nothing in the character of the vehicles or in any surrounding circumstances or in the language of the Act to support this contention.

We likewise see no merit in plaintiff's contention that the Secretary of Highways acted capriciously or abused the discretion with which he is vested under §719 and §905 of The Vehicle Code in refusing to issue to plaintiff a special permit allowing its combined truck tractors and semi-trailers to carry a larger gross weight than 45,000 pounds in cases where the load is built-up or is capable of dismemberment.

The Order and Decree of the Court below is affirmed at appellant's cost.