### McDONALD
#### v.
### PENNSYLVANIA R. CO. et al.
(two cases).
#### Nos. 10996, 11021.

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1953.

Decided March 4, 1954.

See, also D.C., 15 F.R.D. 145.

———◆———

Harry R. Axelroth, Philadelphia, Pa. (Daniel J. McCauley, Jr., Axelroth & Porteous, Philadelphia, Pa., on the brief), for appellant, S. J. Groves & Sons Co., Inc.

B. Nathaniel Richter, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellant, Ella M. McDonald, Executrix Jasper R. McDonald's Estate.

Philip Price, Philadelphia, Pa. (Robert M. Landis, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for Pennsylvania R. Co.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

McDonald, an engineman [1] employed by the Pennsylvania Railroad Company, was killed in a collision at a grade crossing near King of Prussia, Pennsylvania, on or about May 19, 1950. The locomotive he was driving collided with the projecting boom of a very large self-propelled truck crane, owned by S. J. Groves and Sons Company, Inc., a Minnesota corporation, the truck crane having stalled while crossing the railroad's tracks. There was some evidence that the crane had stalled on previous occasions but the reasons given for the failures of power were conflicting.

The plaintiff, McDonald's widow and his executrix, sued both the railroad and Groves. The suit against the railroad was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Acts, 45 U.S.C.A. § 1 et seq. The suit against Groves was filed under the Pennsylvania Wrongful Death Act of April 15, 1851, P.L. 669, as amended, 12 P.S.Pa. § 1601, and the Pennsylvania Survival Act of July 2, 1937, P.L. 2755, as amended, see 20 P.S.Pa. §§ 320.601 and 320.603. See also Pennsylvania Rules of Civil Procedure, Rule 2201 et seq., 12 P.S.Appendix. There was also a cross-claim filed by the railroad against Groves for indemnity or contribution. The jury returned a verdict in favor of the plaintiff against Groves in the amount of $75,000 and in favor of the Pennsylvania Railroad. No order respecting the cross-claim has been made by the court below.

Two appeals were taken.[2] Groves has appealed from the refusal of the trial

---

1. McDonald was classified as a fireman but was employed as an engineer on this occasion, i.e. was actually driving the engine at the time of the collision.

2. A cross-claim was filed by the Pennsylvania Railroad Company against Groves, asserting that it, the railroad, might be held liable to McDonald, the original plaintiff, for all of the loss or damage sustained by her, and that Groves, as the party primarily liable for such loss or damage, was liable over to the railroad company for indemnity. The cross-claim also asserts that the railroad company will be obliged to expend money for expenses and counsel fees in defense of the suit as the result of Groves' negligence.

A second cause of action set out in the cross-claim asserts that if it is adjudged that the injuries sustained by the plaintiff's decedent were caused by the joint or concurring negligence of Groves and the railroad, Groves must bear its equal share of any sums recovered by the plaintiff. No order has been made by the court below disposing of this cross-claim.

Set out below is a schedule of the pertinent incidents in the suit:

December 3, 1951—Verdicts of jury in favor of plaintiff against Groves and in favor of the railroad.

December 3, 1951—Judgments entered on verdicts.

court to grant judgment n. o. v. or, in the alternative, a new trial in its favor. The plaintiff has appealed from a denial of her motion for judgment n. o. v. against the railroad or in the alternative for a new trial. There were therefore, the cross-claim aside, three separate causes of action before the court below. The first was brought pursuant to provisions of federal law against the railroad and the latter two were instituted against Groves under provisions of laws of Pennsylvania. The first cause of action referred to is governed by federal law. The two latter claims are governed by the law of Pennsylvania because they are based on diversity of citizenship and jurisdictional amount. We will deal with the claims asserted by the plaintiff against Groves first.

Groves has posed five questions on its appeal. Three of the five relate to the charge to the jury; two, to the admission of evidence. We will deal with the latter first.

Section 903 of the Pennsylvania Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 P.S.Pa. § 453, prohibits the

---

December 7, 1951—Motion by Groves for judgment n.o.v. or in the alternative for a new trial.

December 10, 1951—Motion by plaintiff for judgment n.o.v. against railroad or in the alternative for a new trial.

November 6, 1952—Order of the court below denying Groves' motion for judgment n.o.v. or in the alternative for a new trial. 108 F.Supp. 293.

November 26, 1952—Appeal by Groves to this court.

January 13, 1953—Order by the court below denying plaintiff's motion for judgment n.o.v. against the railroad or in the alternative for a new trial.

January 21, 1953—Appeal by plaintiff to this court.

January 28, 1953—Order by the court below purporting to deny both Groves' motion for judgment n.o.v. or in the alternative for a new trial, and the motion of the plaintiff for judgment n.o.v. or in the alternative for a new trial, the court expressly determining that in the interest of justice there was no just reason for delay in the entry of judgment herein and ordering that judgment be entered. Reference is made in the order to the fact that no disposition has been made of the cross-claim. For the reasons set out hereinafter this order was invalid.

February 18, 1953—Upon the stipulation of all the parties Groves' appeal was dismissed by this court, without prejudice.

February 20, 1953—Order made by the court below entering final judgment in favor of plaintiff and against Groves in the sum of $75,000. The order contains a recital that there are claims which have not yet been adjudicated and is in conformity with Rule 54(b), F.R.C.P., 28 U.S.C. The order does not adjudicate or purport to adjudicate the plaintiff's claim against the railroad. Also, this order expressly vacates the order of January 28, 1953.

February 26, 1953—Appeal by Groves to this court.

There is no valid subsisting appeal by plaintiff against the railroad. The appeal taken on January 21, 1953 by plaintiff against the railroad was from the denial of the court below on January 13, 1953 of plaintiff's motion for judgment n.o.v. against the railroad or in the alternative for a new trial. But the railroad's cross-claim had not been disposed of at the time plaintiff appealed. We cannot treat the order of January 28, 1953 purporting to deny both Groves' motion for judgment n.o.v. or in the alternative for a new trial and the similar motion of the plaintiff as compliance with Section 1291 of the Judicial Code and Rule 54 (b) because, appeals having been taken to this court, the court below was without jurisdiction to enter a valid order in the premises. This was undoubtedly the reason why on February 18, 1953 the parties stipulated for the dismissal of Groves' appeal. The dismissal of that appeal by this court renewed the jurisdiction of the court below to enter the order of February 20, 1953 which was a valid one but only insofar as Groves' appeal was concerned.

It may be argued, of course, that since the jury had found the railroad to be free of negligence and assessed damage solely against Groves, the failure to dispose of the cross-claim by an appropriate decree is a mere technicality and a similar argument may be made in respect to the invalidity of the order of January 28, 1953. But if justice is to be adequately administered, orderly procedure is required. This court is without jurisdiction to adjudicate less than all of the claims of a multiple claims suit unless the provisions of Rule 54(b) be adhered to.

movement of any motor vehicle exceeding certain specified weights on Pennsylvania highways. An exception is made, however, if a special permit for a particular movement of the vehicle be obtained from the Department of Highways. The law requires that the permit "* * * shall designate the route to be traversed, subject to such rules, regulations, restrictions, or conditions, as shall be deemed necessary by the authority granting such permit * * *." See Vehicle Code, Section 905, 75 P.S.Pa. § 455. It is conceded by Groves that the truck crane exceeded the maximum weight specified for such a vehicle, that a permit was required for the movement and that Groves did not obtain a permit. Since no permit was obtained it is obvious that Groves did not follow a route prescribed by the Department of Highways. The accident occurred because Groves' employees elected to cross the railroad's tracks at a grade crossing instead of making use of a closely adjacent highroad with an underpass. Had Groves' employees made use of the road with the underpass they would have been put to the comparatively slight trouble of reversing the boom on the crane. They preferred not to inconvenience themselves even to this small extent. After the truck crane stalled on the railroad tracks the engine driven by McDonald, dragging a long train of cars, struck the truck crane causing McDonald's death. There was ample evidence from which the jury could have found that McDonald was operating the engine with due care under the circumstances.

At this point the plaintiff need not have proceeded further to prove Groves' culpable negligence. The rejection of a safe overpass or underpass and the election to cross tracks at grade has been held to constitute negligence as a matter of law. See Starovetsky v. Pennsylvania Railroad Co., 1938, 328 Pa. 583, 195 A. 871; Tharp v. Pennsylvania Railroad Co., 1938, 332 Pa. 233, 2 A.2d 695; and Simpkins v. Pennsylvania Railroad Co., 1939, 334 Pa. 1, 5 A.2d 103. But the plaintiff offered further proof. She endeavored to prove that failure to obtain a permit under the circumstances at bar was negligence and contributed to the accident. Groves asserts that proof of issuance or non-issuance of a permit was immaterial and that the court erred in admitting proof of the non-issuance of a permit as evidence of negligence or of causation. This requires brief discussion.

■ The Vehicle Code does not state expressly why an overweight vehicle is prohibited from movement on a Pennsylvania highway without a permit. There are, however, two obvious reasons. The first is that an overweight vehicle may work serious damage to a road and the statute authorizes the Department of Highways to control the movement of heavy equipment to keep damage to a minimum. The second is that overweight vehicles are an obstacle to the free movement of traffic, thereby creating traffic hazards. The Pennsylvania permit system is reasonably designed to keep large equipment off busy highways, narrow streets or grade crossings. Section 905(a) provides that the original copy of the permit shall be carried in the overweight vehicle and shall be open to inspection by any police officer or employee of the Department of Highways and "* * * to any person having collision with or suffering injury from such vehicle." 75 P.S.Pa. § 455(a). The purpose of the statutory enactment is plain; viz., to control by a state agency the movement of large vehicles on highways in the interest of the public safety. The statute enacted was well within this police power of the Commonwealth.[3]

"General Conditions", really regulations in the sense that that phrase is used in the federal system, were imposed by the Department of Highways pur-

[3] The title of the Vehicle Code states its primary object: "* * * *for the protection of the public safety;* regulating the use of highways, and the operation of vehicles * * * upon the highways of this Commonwealth * * *". (Emphasis added.)

suant to the statute. Paragraph 2 of the Conditions provides that nothing in the permit shall be construed to confer authority to cross any "railroad or railway tracks, at grade, *until after due and sufficient notice of such proposed crossing shall have been given* * * * to the track supervisor or to the authorized agent of the railroad * * * *and proper arrangements made for such crossing* * * *.*" (Emphasis added.)

There is evidence in the record from which the jury was entitled to infer that had Groves applied for a permit to move the truck crane that permit would not have embraced the grade crossing which was actually employed. Conversely, the jury would have been entitled to infer that had a permit been obtained the route specified would have required use of the underpass. It is also clear that had Groves given notice to the railroad of the proposed crossing at grade McDonald could have been informed in ample time to have avoided the collision. The evidence of Groves' negligence was sufficient to go to the jury which obviously resolved it in the plaintiff's favor. The case at bar does not present circumstances analogous to those presented by decisions where the lack of a driver's license has been held not to constitute proof of negligence. Cf. Yeager v. Winton Motor Carriage Co., 1913, 53 Pa.Super. 202.

Groves asserts that the permit form and the regulations [4] were not properly admitted into evidence because it was not proved that the Secretary of the Commonwealth had adopted regulations or General Conditions pursuant to the statute. Too great a time at the trial was consumed by the plaintiff's attempts to prove the adoption of the Conditions.[5] Groves objected to the admission of copies of the permit form with the General Conditions printed upon its back though accompanied by a certificate of the Deputy Secretary of Highways and issued under the seal of the Department of Highways. Groves insists that Section 1 of the Act of May 2, 1929, P. L. 1508, 71 P.S.Pa. § 1379, which provides that the Secretary of Highways is authorized to adopt and procure an official seal and that "[C]opies of all *records, books, papers, documents,* and *rulings* of the Department of Highways, when certified by the Secretary of Highways under the seal of the department shall be received in evidence in the courts of this Commonwealth * * * *.*" with the force and efficacy of originals, did not authorize the admission of these exhibits in evidence. (Emphasis added.) Groves argues that it is not clear from this section what constitutes a proper certification and that copies of the permit with the regulations printed thereon are not within the terms "records, books, papers, documents, and rulings". This is a mere play on words. The language of the certificate of the Deputy Secretary of Highways, set out below [6] matches that of the statute suf-

---

4. Plaintiff's Exhibits P–9 and P–10.

5. As we have had occasion to point out in other opinions such issues can be handled at pretrial without loss of the time of a jury, of the court and of counsel. We again suggest that the customary pretrial procedure be employed in cases such as the one at bar.

6. His certificate stated:

"I Hereby Certify that Section 905 of the Act of May 1, 1929, P.L. 905, as amended, authorizes the Secretary of Highways of the Commonwealth of Pennsylvania to issue a Special Hauling Permit authorizing the movement of motor vehicles and their loads over the highways under his jurisdiction; and to pre-

scribe the rules, regulations, restrictions and conditions under which said permit shall be used; that acting under the authority granted by said Act, the Secretary of Highways prescribed the rules, regulations and conditions to be attached to said permits and has embodied the same in Department of Highways' Form No. 936–P, a copy of said form being hereto attached.

"It Is Further Certified that the exact date of the promulgation of said rules and regulations cannot be accurately determined. However, the form hereto attached has been in use for many years and is still the form of permit used by the Department of Highways in the issuance of special permits for the moving of mo-

ficiently closely to comply with its terms. Groves also asserts that the certificate is insufficient for a variety of other reasons. We do not think these merit discussion.[7] The certificate was sufficient and adequate proof was made of the copies and of the General Conditions. The Pennsylvania statute read in conjunction with Rule 44, F.R.C.P., will demonstrate that the court below committed no error on this issue.

■ Before coming to any question presented by the charge of the court we think it necessary to refer briefly to another matter. Groves insists that the atmosphere of the trial was unfavorable to it; that "many improper remarks were made against Groves, all of which certainly inflamed the jury to Groves' prejudice, and an exoneration of the railroad was the effect." We have carefully examined the record and we find this charge to be without substance. The case was indeed sharply contested. But the record shows that the trial judge held the scales of justice exactly in balance insofar as his attitude toward the respective sides was concerned. We are of the opinion that the numerous technical objections by Groves to the admission of the copies of the form of special permit and the "General Conditions" could have had some effect upon the jury but this is not demonstrable from the record. The attitude of Groves' vice-president was such, however, as could have aroused reasonable irritation, if not a stronger feeling, in the minds of the jury. An example of this will suffice. He was asked in effect why a permit had not been obtained for the movement of the truck crane and he replied: "Most of the time, when we move equipment of that kind, we get permits. We don't all the time. It is a matter of a

man overloading his truck. Sometimes you take a chance and get caught and you pay the fine, and if you don't get caught you don't have to pay the permit fee." In the case at bar a man was killed by reason of a senseless accident caused by the indifference of the employees of a large contracting company, reflected by at least one of its officers, to the laws of Pennsylvania governing highway traffic. If prejudice developed at the trial insofar as Groves was concerned that prejudice was self-generated. We can find nothing in the record on this point which would justify a reversal.

■ Coming now to Groves' objections to the charge. Groves asserts that it was error to charge that it would be liable to criminal penalties for violation of the laws and regulations pertaining to the operation of an overweight motor vehicle when in fact no such penalty was provided for in the statute or in the regulations. Groves refers to and emphasizes a decision of the Superior Court of Pennsylvania in Commonwealth v. Hallberg, 1951, 168 Pa.Super. 596, 81 A.2d 270, to the effect that the penalty clause of Section 905 of the Vehicle Code was abrogated by the failure of the Legislature to reinstate it in the amendatory Act of 1937. See 75 P.S.Pa. § 455. But after Groves filed its brief in this court, the Supreme Court of Pennsylvania reversed the decision of the Superior Court of Pennsylvania in the Hallberg case. See Commonwealth v. Hallberg, 1953, 374 Pa. 554, 97 A.2d 849. It follows therefore that the reference in the charge of the court below to the criminal penalties to which Groves might be subjected was an accurate one. It could be argued that possible criminal sanctions could have nothing to do with

---

tor vehicles and loads over Pennsylvania's State highways.

"In Testimony Whereof, I have hereunto set my hand and affixed the seal of this department the day and year aforesaid."

7. Typical among these is the assertion that the certificate is void because it does

not give the date of the adoption of the regulations by the Department of Highways. Groves also insists that there is a difference between the printed copy of regulations and regulations "embodied" in an official form. Groves would require of the Department of Highways of Pennsylvania the counsel of perfection.

Groves' liability for negligent operation of the truck crane, but assuming *arguendo* that this is so, we are of the opinion nonetheless that the error would not be of such a fundamental character as to require reversal by this court particularly in view of the fact that no exception was taken to the charge upon this point.

■ There are other objections asserted to the charge by Groves. Groves asserts that the instruction to the jury to assess the damages in the death action by a widow administratrix on the basis of multiplying yearly earnings of the dead man by his life expectancy was erroneous. At one point in its charge, the court used the word "earnings" instead of demonstrating to the jury that the issue was as to the amount of *contributions* made by the deceased to his widow. But no exception was taken to the charge on this ground.

Groves also asserts that the charge did not adequately require the jury to reduce future damages to present worth; that that portion of the charge dealing with the interest rate was erroneous; that the court did not sufficiently discuss either the proper use of mortality tables by the jury or the respective measure of damages as between death and survival actions. The short answer to all this is that again no exception was taken to the charge. Moreover, an examination of the extended colloquy between court and counsel for the respective parties, demonstrates that Groves agreed to the charge of the court upon the measure of damages as to death and survival actions under the law of Pennsylvania.

We cannot deem the errors in the charge to be so fundamental as to require reversal, absent exception by Groves' counsel. Groves may not be permitted to take the position that it will not object to the substance of a charge and after a verdict has been rendered against it overturn that judgment on such grounds as those presented here. See Rule 51, F.R.C.P., and Kieffer v. Blue Seal Chemical Co., 3 Cir., 1952, 196 F.2d 614, 616.

■ We are without jurisdiction to adjudicate the plaintiff's appeal against the railroad. See note 2, supra.

Other points raised by the parties do not require discussion.

The judgment in favor of the plaintiff and against Groves will be affirmed. The appeal of the plaintiff will be dismissed.