*Decision will be entered under Rule 50.*

TANK TRUCK RENTALS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51051. Filed May 31, 1956.

*Leonard Sarner, Esq.,* for the petitioner.
*John D. Armstrong, Esq.,* for the respondent.

438

OPINION.

RAUM, *Judge:* ■ Petitioner seeks to deduct, under section 23 (a) (1) of the Internal Revenue Code of 1939, the fines and costs paid by it in 1951 for operating motor vehicles in violation of State weight limitation laws. Its principal contention is that such payments constituted ordinary and necessary business expenses. Since most of the violations occurred in Pennsylvania, we shall consider that contention first in relation to the fines paid to that State.

Pennsylvania had lower weight limits than the other States, and petitioner's vehicles when fully loaded with liquids other than gasoline were in excess of the legal limit in Pennsylvania. Nevertheless, petitioner as well as other carriers in Pennsylvania consistently and deliberately loaded their vehicles so as to exceed the permissible limit. The carriers might have applied for permits, upon payment of a fee, to exceed the legal limit, but the procedure was somewhat cumbersome, and it was highly doubtful whether such permits would have been granted. Moreover, the fees required for such permits were not insubstantial, and the evidence suggests that in view of the comparatively small percentage of cases in which violations were detected, it was thought to be more advantageous to take the risk and pay the fine.

The violations were conscious and deliberate; they represented a calculated risk taken by the petitioner and other carriers.

True, the violations were widespread and common, and the evidence also disclosed that unless petitioner did engage in such practices it would have been at a competitive disadvantage in the operation of its business. Yet, these considerations do not justify the deduction in the light of the decisions in this field.

It has long been recognized that the payment of fines or similar penalties is not deductible as an ordinary and necessary business expense. See, e. g., *Commissioner* v. *Longhorn Portland Cement Co.*, 148 F. 2d 276 (C. A. 5), certiorari denied 326 U. S. 728; *Helvering* v. *Superior Wines & Liquors*, 134 F. 2d 373, 376 (C. A. 8); *Burroughs Building Material Co.* v. *Commissioner*, 47 F. 2d 178 (C. A. 2); *Great Northern Ry. Co.* v. *Commissioner*, 40 F. 2d 372 (C. A. 8); *William F. Davis, Jr.*, 17 T. C. 549: *Davenshire, Inc.*, 12 T. C. 958; *Bonnie Bros., Inc.*, 15 B. T. A. 1231, 1236. Cf. *Commissioner* v. *Heininger*, 320 U. S. 467, 473; *Lilly* v. *Commissioner*, 343 U. S. 90.

The laws of Pennsylvania, in effect in 1951, expressly prohibited the operation on its highways of vehicles whose gross weights exceeded certain fixed amounts and provided that operators of overweight vehicles should, upon conviction, pay specified fines and costs of prosecution, and in default of payment thereof, should undergo imprisonment for not more than 5 days in cases where the vehicle did not exceed by more than 10 per centum the maximum weight allowed, and for not more than 10 days where the vehicle did exceed by more than 10 per centum the maximum weight allowed. Vehicle Code of Pennsylvania, Act of May 1, 1929, P. L. 905, sec. 903, as amended, 75 P. S. sec. 453. The purpose of these laws was to protect the highways and bridges from damage and to insure the safety of persons traveling over them. *McDonald* v. *Pennsylvania R. Co.*, 210 F. 2d 524, 528 (C. A. 3); *W. J. Dillner Transfer Co.* v. *Messner*, 371 Pa. 356, 359, 89 A. 2d 516, 518; *Commonwealth* v. *Burall*, 146 Pa. Super. 525, 529, 22 A. 2d 619, 622. They were not remedial laws having as their purpose the recovery of damage to the highways or bridges even though, as petitioner points out in its brief, they provided that the fines and penalties collected be used for the construction, repair, and maintenance of highways. Vehicle Code of Pennsylvania, *supra*, sec. 1207, as amended, 75 P. S. sec. 737. They were "penal" laws, *Commonwealth* v. *Burall, supra*, 146 Pa. Super. at p. 529, 22 A. 2d at p. 622, and were enacted to enforce obedience to prescribed weight limitations and to punish violators.

Under contracts entered into with its driver-employees, petitioner was obligated to bear all costs in connection with violations of laws of Pennsylvania against operating overloaded vehicles when its drivers

were required to operate such equipment. Pursuant to these agreements it paid fines and costs to the State of Pennsylvania in the year 1951 in the amount of $36,936.15. Inasmuch as they were criminal penalties imposed for violations of State laws, their allowance as deductions would have the effect of mitigating the degree of punishment and of frustrating the purpose and effectiveness of those laws. On the authority of cases heretofore cited, we hold they are not deductible.

A unique situation is presented as to the 7 fines and costs aggregating $2,830 paid to New Jersey. The New Jersey limit was 60,000 pounds, but its laws had a reciprocity provision whereby a vehicle registered in Pennsylvania had to comply with the stricter Pennsylvania requirements. Accordingly, although petitioner's vehicles, in these 7 instances, were under the 60,000-pound limit otherwise permissible in New Jersey, they were in excess of the 45,000-pound limit (plus the 5 per cent leeway) permitted under Pennsylvania law, and therefore were in violation of New Jersey law. For reasons best known to itself, New Jersey has undertaken to accommodate its penal provisions to those of Pennsylvania in these circumstances, and it made it a criminal offense to operate Pennsylvania vehicles on its roads which exceeded the lower Pennsylvania limits. These violations were just as deliberate as the ones occurring in Pennsylvania itself, and the fines and costs are similarly not deductible.

There remain for consideration the fines paid by petitioner for overweight violations of the laws of Maryland, Ohio, West Virginia, and Delaware. Petitioner urges that the allowance of these fines as deductions would not frustrate any sharply defined policy of the laws of those States because they were common to the industry as a whole and were innocent, nonnegligent, and not the result of failure to take practical precautions. In support of this contention the petitioner relies upon *Jerry Rossman Corporation* v. *Commissioner*, 175 F. 2d 711 (C. A. 2), and related cases in which it was held that civil penalties for overcharges under the Emergency Price Control Act which were neither willful nor the result of failure to take practical precautions were deductible as ordinary and necessary business expenses. See also *National Brass Works* v. *Commissioner*, 182 F. 2d 526 (C. A. 9); *Commissioner* v. *Pacific Mills*, 207 F. 2d 177 (C. A. 1). The applicability of such cases to situations such as the one before us was considered by the United States District Court for the Middle District of Tennessee in *Hoover Motor Express Co.* v. *United States*, 135 F. Supp. 818. In holding that fines paid for violations of State laws prescribing maximum weight limitations were not deductible as ordinary and necessary business expenses, the court said (pp. 820, 822):

In the view which the Court takes of the case, it is not necessary to determine whether the plaintiff did all which should reasonably be required of it as a prudent operator to comply with the weight limitations involved. Assuming that it took every precaution that could fairly be demanded consistent with a practical operation of its business, and assuming further that it did not act with wilful intent, the Court is of the opinion that to allow the claimed deductions from gross income for the taxable years would nevertheless frustrate the clearly defined policies of the applicable state weight limitation laws.

There can be no doubt that the underlying policy of the laws under which the fines were paid is not only to protect the highways of the state but also to protect the persons using them. Violations of the statutes are punishable by the imposition of a fine which is penal in character. No distinction is made in the statutes between an innocent or non-negligent violation, on the one hand, and one which is either wilful or due to a negligent failure to take adequate precautions, on the other hand. It was evidently considered that the purposes of the statutes could be accomplished more effectively by treating all violators alike. This thought is borne out by the provisions commonly found in statutes of this character that the Commissioner of Highways, or other proper authority, shall have discretionary power to grant special permits for freight movements in excess of the prescribed weight limitations, the inference being that, in the absence of such special permit, neither hardship nor good faith shall constitute a defense to a violation.

\*   \*   \*   \*   \*   \*   \*

in the OPA cases there was statutory authority for a distinction between innocent and wilful violators, and since the Act itself made the distinction, it was possible to find that the allowance of an innocent and non-negligent overcharge as a deduction would not in any way impair or frustrate the policy of the Act. But the policy of the state weight limitation laws under consideration is to place all violators on the same basis without recognition of degrees or character of guilt. This being true, it would clearly frustrate the policy of the statutes if the distinction should be made by a court in applying the provisions of Section 23 (a) (1) (A) of the Internal Revenue Code. To the extent that the deductions should be allowed because of innocence or due care the taxpayer would be relieved of the consequences of his violation, although the state law itself made no such distinction.

The District Court's opinion is an effective answer to the contentions of the petitioner, and we follow it here. We hold that the fines paid by it to the States of Maryland, Ohio, West Virginia, and Delaware are not deductible as ordinary and necessary business expenses.

■ Petitioner makes an alternative contention, limited to the various fines and costs paid to Pennsylvania, where they were formally imposed upon the employee-driver of the overweight motor vehicle and not on the owner. Petitioner's contention is that such payments are deductible as reasonable compensation for services rendered. This argument is without merit. Under a contract with its drivers petitioner was obligated to bear all costs in connection with violations of laws against operating overloaded equipment whenever its drivers were required to operate such equipment. It required its drivers to operate overloaded equipment and fines imposed for violations of

State laws thus became its responsibility and it paid the fines. These payments were clearly not made for the purpose of compensating drivers "for personal services actually rendered" and are not deductible as compensation paid under section 23 (a) (1) (A), *supra*.

*Decision will be entered for the respondent.*