## Commonwealth v. Enright

*Donald W. VanArtsdalen*, District Attorney, for Commonwealth.

*John S. Renninger* and *Francis Haas*, for defendant.

BIESTER, P. J., November 1, 1956.—This matter is before us on appeal from a summary conviction for an alleged violation of article IX, sec. 905, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §455.

The section which defendant is said to have violated prohibits any person from operating or moving a vehicle or load of a size or weight exceeding the maximum specified in The Vehicle Code, without first having obtained a permit to do so.

There are no facts in dispute, the testimony being to the effect that on June 4, 1956, in Bensalem Township, this county, defendant was apprehended while operating a tractor-trailer combination, carrying wooden electric telegraph poles, the longest of which was 65 feet. The overall length of the tractor-trailer combination and load from the front bumper of the tractor to the rear of the load was 78 feet 9 inches.

It is agreed that defendant had no special permit from the Secretary of Highways or any local authority, but he defends on the ground that the operation of the vehicle in question, with its load, is permitted under The Vehicle Code and that no permit was, therefore, required. The determination of the question appears to be the construction of article IX, sec. 902(c), of The Vehicle Code, 75 PS §452. Similar provisions of The Tractor Code have no application, as the motive power of the equipment in question was a truck-tractor and not the type of tractor dealt with under the provisions of The Tractor Code. See W. J. Dillner Transfer Company v. Messner, 371 Pa. 356, 360.

The most recent amendment to section 902 was approved March 6, 1956, P. L. (1955) 1225, sec. 1, and now reads as follows:

"(c) No vehicle, except motor buses, motor omni-buses and fire department equipment, shall exceed a total maximum length, including any load thereon, of four hundred twenty (420) inches, excepting that a semi-trailer designed exclusively for carrying motor vehicles, may exceed such total maximum length by not more than thirty (30) inches, and no combination of two (2) vehicles, inclusive of load and bumpers, coupled together, shall exceed a total maximum length of six hundred (600) inches, excepting that nothing in this subsection shall prohibit the transportation by a combination of vehicles of articles impossible of dismemberment, which do not exceed seventy (70) feet."

There being no dispute as to the nature of the poles it appears clear that they are within the terminology of the "articles impossible of dismemberment". Neither does the Commonwealth contend that the combination of the two vehicles, independent of the load, exceeded 600 inches. The only question that arises is whether the section heretofore quoted pro-

hibits the conveying of a load, when the combination of the length of the vehicle and the load, as it extends from the rear thereof, exceeds 70 feet. If we accept this construction, defendant was in violation of section 902 and would have been required to obtain the permit provided for in section 905.

It appears to us that the exception clearly refers to the length of the articles being carried and that no other construction is tenable. The act permits transportation "by a combination of vehicles of articles impossible of dismemberment, which do not exceed seventy (70) feet". This clause "which do not exceed seventy (70) feet" has direct application to the "articles impossible of dismemberment". Obviously it cannot be in reference to the combination of vehicles alone for the maximum length of such combination is fixed by the previous phraseology of the section. In addition the verb "do" being plural must necessarily refer to the articles being carried rather than the combination of vehicles.

We cannot read into the act a prohibition against the transportation by a combination of vehicles of articles impossible of dismemberment where the overall length of the combination plus the load exceeds the 70 feet maximum. If the legislature so intended it failed to say so and where the words of an act are clear and free from all ambiguity we cannot disregard its letter under the pretext of pursuing its alleged spirit. Nor even in the case where the act is not explicit, can we, under the guise of statutory construction, so broaden the operative scope of the act that our construction of it amounts, in effect, to judicial legislation: Salvation Army Case, 349 Pa. 105, 108.

In addition, we are dealing in the present instance with a penal provision of a statute and it must be therefore strictly construed: Statutory Construction

356

Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558; Commonwealth v. Mason, 381 Pa. 309, 312; LaBrum v. Commonwealth Title Company of Philadelphia, 358 Pa. 239; Commonwealth v. Vaughn, 87 D. & C. 556, interpreting par. (a) of section 902 of The Vehicle Code.

And now, this November 2, 1956

1. We find defendant William Enright to be not guilty of the violation charged.

2. The justice of the peace is directed to return to defendant the fine and costs heretofore imposed and paid.