**TANK TRUCK RENTALS, Inc.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 12060.

United States Court of Appeals
Third Circuit.

Argued Jan. 25, 1957.

Decided March 6, 1957.

Leonard Sarner, Philadelphia, Pa. (Wolkin, Sarner & Cooper, A. Allen Simon, Thomas P. Glassmoyer, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for petitioner.

Walter R. Gelles, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Petitioner during the year 1951 was a motor carrier transporting bulk liquids. It supplied vehicles and driver-operators to various "over-the-road" carriers holding operating certificates from the Interstate Commerce Commission. During 1951, it paid fines totalling $37,-965.00 imposed on its drivers for operating on the highways motor vehicles in violation of state statutes limiting

weights of motor vehicles.[1] Most of the fines were paid in Pennsylvania which had a particularly low maximum weight law at that time.[2] The New Jersey fines sought to enforce the Pennsylvania maximum weight provision through reciprocity provisions of the New Jersey statute. The fines paid in states other than Pennsylvania and New Jersey resulted from unintentional overloading.

As a matter of economic policy petitioner deemed it expedient to overload and run the risk of an occasional fine. The Tax Court found that it had been the general practice of the trucking industry to overload in Pennsylvania and chance the fines with the result that petitioner would have been at a competitive disadvantage if it had attempted to conform to the law. In 1955, the Pennsylvania maximum load limits were raised substantially.[3]

■ The rule that certain expenditures otherwise ordinary and necessary under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A), are not deductible if their allowance would frustrate sharply defined national and state policies is of judicial origin. Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.

■ In Hoover Motor Express Co. v. United States, D.C.M.D.Tenn.1955, 135 F.Supp. 818, affirmed 6 Cir., 1957, 241 F.2d 459, the District Court made an exhaustive examination of the pertinent case law and held overloading fines were not deductible by a motor carrier. Petitioner seeks to distinguish the Hoover

1. The following table shows with respect to the taxable year involved the number and dollar amounts of fines and costs paid by taxpayer to each of the states involved:

| State | Number of Fines | Dollar Amt of Fines | Dollar Amt of Costs | Total |
|---|---|---|---|---|
| Pennsylvania | | | | |
| at $50. each | 649 | $32,450.00 | $2,709.40 | $35,159.40 |
| at $25. each | 62 | 1,550.00 | 226.75 | 1,776.75 |
| New Jersey | 7 | 2,800.00 | 30.00 | 2,830.00 |
| Maryland | 7 | 410.00 | 29.91 | 439.91 |
| Ohio | 9 | 405.00 | 51.10 | 456.10 |
| West Virginia | 10 | 320.00 | 39.68 | 359.68 |
| Delaware | 2 | 30.00 | 9.00 | 39.00 |
| | 746 | $37,965.00 | $3,095.84 | $41,060.84 |

2. The statutory maximum gross weight for the truck tractor and semi-trailer combination owned, used and operated by taxpayer was, for each of these states in 1951, as follows:

| State | Statutory Citation | Maximum Gross Weight |
|---|---|---|
| Pennsylvania | 75 P.S. § 453(g) | 45,000 lbs. |
| New Jersey | N.J.S.A. 39:3–84 | 60,000 lbs. |
| Ohio | Page's Ohio Gen.Code Anno. § 7248–1 | Statutory formula which results in range from 57,000 to 67,600 lbs. |
| Delaware | Del.Code Anno. Title 21, Chapter 45, § 4503 | 48,000 lbs. for single axle trailers; 60,000 lbs. for tandem axle trailers |
| West Virginia | 1951 Supp. to West Va. Code of 1949 Anno. § 1721 (463) | Statutory formula which results in range from 54,000 to 60,800 lbs. |
| Maryland | Flack's 1951 Anno.Code of Maryland § 278, Art. 66½ | Statutory formula which results in gross weight of 65,000 lbs. |

3. Act No. 70 of June 30, 1955, amended the Pennsylvania Vehicle Code, 75 P.S. §§ 453, 454.

opinion on the grounds that: (1) there was a greater disparity in the Pennsylvania weight limitation and those of the adjoining states; (2) the economic factors are more compelling in this instance; and (3) the Pennsylvania enforcement policy was sporadic or discriminatory. These broad allegations add nothing substantial to petitioner's wholly untenable theory. Under it the federal court on a tax controversy would be required to examine not only the merits of particular criminal cases in the state courts, but indeed the wisdom of a state motor vehicle statute and the regularity of its enforcement. State legislatures are the determinative tribunals in those areas. Once it is concluded that the regulation is within the sphere of proper legislative action the courts will not gainsay the legislature on just where the arbitrary line between allowable and proscribed weights should be drawn. Nor is it appropriate at this juncture to review state enforcement policies. Such must be the rule if there is to be any semblance of order on this and similar questions. The weight limit law is not to be considered a mere revenue measure, as petitioner suggests, simply because the fines collected are assigned to road repair. It has been held by this court that the disputed law is for the protection of the citizenry of Pennsylvania as well as the public roads. See McDonald v. Pennsylvania R. Co., 3 Cir., 1954, 210 F.2d 524, involving a death claim arising in part from disregarding this statute regulating overweight vehicles.

Petitioner seeks to support its theory by Jerry Rossman Corporation v. Commissioner, 2 Cir., 1949, 175 F.2d 711, which allowed deductions of overcharges paid over to the government under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. See also National Brass Works v. Commissioner, 9 Cir., 1950, 182 F.2d 526, 20 A.L.R.2d 590; and National Brass Works v. Commissioner, 9 Cir., 1953, 205 F.2d 104. Those decisions turn on the legislative history of the price control statutes which indicated a distinction between wilful breach and innocent mistake. That distinction does not exist in the governing motor vehicle law now before us, and even if it did petitioner's offenses in Pennsylvania and New Jersey were admittedly wilful. The transgressions in other states, though unintentional, were in disregard of the local laws. Further, the O.P.A. cases rely on the unusually complex regulatory scheme in the price control law, which problem does not confront a motor carrier with respect to weight limit restrictions. The O.P.A. penalty required merely that the unlawful income be paid over to the government. That purpose was not frustrated in a non-wilful case by relieving the taxpayer of the tax burden on the income so disgorged. As Judge Learned Hand wrote in Rossman, 175 F.2d at page 713, "We think * * * in short that there are 'penalties' and 'penalties,' and that some are deductible and some are not".

We hold it clear that the state statutes involved are as said in Commissioner of Internal Revenue v. Heininger, supra, 1943, 320 U.S. 467, 64 S.Ct. 253, 88 L.Ed. 171, the creation of "sharply defined * * * state policies"; that they are "state policies evidenced by some governmental declaration of them". Lilly v. Commissioner, 1951, 343 U.S. 90, 97, 72 S.Ct. 497, 501, 96 L.Ed. 769. The Court that fashioned those phrases could not have had in mind a more typical example than motor vehicle laws.

The decision of the Tax Court will be affirmed.